IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DAVID DROKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 02-1284-T/An |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER GRANTING MOTION FOR AWARD OF ATTORNEY FEES

Plaintiff David Droke has filed a motion for an award of attorney fees under the Social Security Act, 42 U.S.C. § 406(b). The Commissioner filed a response objecting to the amount of the requested fee, and plaintiff filed a reply to that response.[1]

Prior to the filing of this action on November 14, 2002, an administrative law judge ("ALJ") had awarded disability benefits to the plaintiff only for a closed period of one year. On July 29, 2003, a final judgment was entered in this case, reversing the decision of the Commissioner and remanding for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). Following a second administrative hearing, an ALJ issued a decision

---

[1] The Court is dismayed by the combative, disrespectful tone of the reply and the later "addendum" to the reply. Counsel appears to be outraged that the Commissioner would dare to oppose the amount of his fee. However, the requested fee in this case is quite large, and the Commissioner has both the right and the obligation to present her position. Counsel is admonished to restrain his rhetoric in the future.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on  9-6-05



awarding plaintiff benefits from April 1999 forward. Consequently, plaintiff will receive ongoing benefits plus $59,487.00 in past-due benefits, which is in addition to the one year of benefits already received.

Under § 406(b), in social security disability cases attorney fees may not exceed 25% of the past-due benefits to which a claimant is entitled. The Social Security Administration generally withholds 25% of past-due benefits for the potential payment of those fees. In this case, as in many social security cases, the plaintiff and his attorney entered into a contingent-fee agreement at the beginning of the representation in which it was specifically agreed that counsel would receive that 25% fee.

In this case, the Social Security Administration withheld 25% of plaintiff's past-due benefits, in the sum of $14,871.75, for the payment of attorney fees under § 406(b). Plaintiff asks this Court to award that entire amount to counsel.[2] The Commissioner has filed a response objecting to the amount of the award, arguing that the requested fee is not reasonable because only 17.9 hours of work were expended before this Court. The Commissioner contends that the resulting hourly rate of $830.82 would be a windfall for counsel.

In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Supreme Court rejected the use of the "lodestar" method of awarding attorney fees under the Social Security Act, holding that courts should instead look first to the contingent-fee agreement, then test it for

---

[2] Plaintiff states that no fee has been sought from the Commissioner.

2

reasonableness. Id. at 808. A reduction in the contingent fee may be appropriate based on "the character of the representation and the results the representative achieved." Id.

Since Gisbrecht, most courts have been "deferential to the terms of the contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (quoting Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003)). Courts have approved contingent fees translating to very large effective hourly rates. See, e.g., Mudd v. Barnhart, — F.3d —, 2005 WL 1940020 (4th Cir. Aug. 15, 2005) (effective hourly rate of $736.84); Yarnevic, 359 F. Supp. 2d at 1365 (effective hourly rate of $643); Claypool v. Barnhart, 294 F. Supp. 2d 829, 833-34 (S.D.W. Va. 2003) (effective hourly rate of $1,433); Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003) (effective hourly rate of $977).

While the effective hourly rate of the requested fee in this case is several times larger than counsel's rate of $150.00 for noncontingent-fee matters, the Court finds that it is not unreasonable. Counsel is an experienced social security attorney who achieved exceptional results for his client in this case. Instead of the one-year period of disability that had previously been awarded, plaintiff was awarded ongoing benefits as well as past-due benefits from April 1999 in the amount of $59,487.00. These benefits did not accumulate due to any delay on the part of counsel.

3

The Court concludes that the fee requested by plaintiff and his counsel in this case is reasonable. Therefore, pursuant to 42 U.S.C. § 406(b), the Court hereby APPROVES an attorney fee in the amount of $14,871.75, and the Social Security Administration is directed to forward that amount to plaintiff's counsel out of the past-due benefits withheld. Counsel has acknowledged his obligation to refund to plaintiff the fee awarded previously under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

*/s/ James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

6 September 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 37 in case 1:02-CV-01284 was distributed by fax, mail, or direct printing on September 6, 2005 to the parties listed.

---

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Roger Stanfield
LAW OFFICE OF ROGER STANFIELD
P.O. Box 3338
Jackson, TN 38303--333

Honorable James Todd
US DISTRICT COURT